## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**MARY WILLIAMS and**
**LESLIE BROWN**                                                                    **PLAINTIFFS**

     **v.**                          **CASE NO. 4:08-CV-04157 BSM**

**DOLGENCORP, INC., d/b/a DOLLAR**
**GENERAL CORPORATION; TOM**
**O'CONNELL, individually and in his official**
**capacity as District Manager; and SHEILA**
**PADELLA, individually and in her official**
**capacity as Store Manager on behalf of**
**Dolgencorp Corporation**                                                          **DEFENDANTS**

### ORDER

Before the court are the motion to dismiss filed by defendants Dolgencorp, Inc. ("Dollar General") and Tom O'Connell (collectively "separate defendants"), and the motion for extension of time to file a response to the motion to dismiss filed by plaintiffs Mary Williams and Leslie Brown (collectively "plaintiffs"). As a preliminary matter, the court notes that separate defendants have no objection to plaintiffs' motion for extension of time, and thus, it is granted.

Plaintiffs filed their Title VII and 42 U.S.C. § 1981 complaint on November 14, 2008, alleging race discrimination and hostile work environment. Plaintiff Williams, an African-American female, states that she was terminated from her position as a cashier at Dollar General in Marianna, Arkansas, on November 17, 2005. She asserts that the stated reason for her termination was that she was drinking a soda while on break. She also asserts that Caucasian employees who drink, eat, and smoke within the store were never disciplined or

terminated.  Williams states that she was previously suspended for approximately two weeks for allegedly stealing merchandise, but that Caucasian employees who stole merchandise were not disciplined or terminated..

Plaintiff Brown, an African-American female, states that she was terminated from her position as Assistant Manager at the Dollar General in Marianna, Arkansas, on December 21, 2005.  She states that she was terminated for allegedly stealing merchandise from the store, but denies that she stole merchandise.  Brown asserts that she was terminated because she complained to defendant O'Connell, Regional Manager of Dollar General, that Sheila Padilla,[1] a Caucasian employee with less experience, was hired as a store manager, even though O'Connell had informed Brown that she would receive the promotion.  Both plaintiffs assert that their work environment was racially hostile and offensive toward African-Americans, and that defendant Dollar General implemented policies, customs, procedures, and practices which were racially hostile and offensive.

Separate defendants move to dismiss the Title VII claims against Dollar General and O'Connell, the Title VII and 42 U.S.C. § 1981 hostile environment claims against Dollar General and O'Connell; and (3) the § 1981 termination and failure to promote claims against O'Connell.  "Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted."  *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)).  Accepting as true all of the factual allegations

---

[1] Although the pleadings name "Sheila Padella," separate defendants note that the correct spelling is "Padilla."

contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Id*.  "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  *Id*. (internal citations omitted).  "The complaint must provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." *Id*. (internal quotations omitted).

Separate defendants assert that the Title VII claims of plaintiffs are barred because they never filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  "A Title VII plaintiff must exhaust administrative remedies before brining suit in federal court."  *Cottrill v. MFA, Inc*., 443 F.3d 629, 634 (8th Cir. 2006).  "A claimant must first timely file an administrative charge with the EEOC."  *Id*.  "Under Title VII, a discrimination charge must be filed with the [EEOC] no later than 180 days after the 'alleged unlawful employment practice occurred,' *see* 42 U.S.C.A. § 2000e-5(e)(1)."  *Diaz v. Swift-Eckrich, Inc*., 318 F.3d 796, 798 (8th Cir. 2003).  The complaint does not state that either plaintiff filed an EEOC charge of discrimination.  Plaintiffs do not address this argument in their response to the motion to dismiss and do not assert or provide any indication that they ever filed an EEOC charge of discrimination. Plaintiffs' complaint states that they were terminated in late 2005, while their complaint was filed November 14, 2008.

3

Thus, plaintiffs' Title VII claims are time-barred and are dismissed for failure to exhaust administrative remedies.

Furthermore, O'Connell is not a proper defendant as to plaintiffs' Title VII claims. Indeed, the Eighth Circuit Court of Appeals has consistently held that "supervisors may not be held individually liable under Title VII." *Clegg v. Ark. Dep't of Corrs.*, 496 F.3d 922, 931 (8th Cir. 2007) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 821 n.2 (8th Cir. 2000)).

Separate defendants also move to dismiss plaintiffs' hostile work environment claims asserting that plaintiffs failed to provide any notice as to the alleged acts that underlie that claim. Separate defendants state that the complaint simply asserts that "the atmosphere [in] which [plaintiffs were] employed was racially hostile and offensive toward African American citizens of the United States." They assert that the complaint only uses labels and conclusions and does not even provide a recitation of the elements of a hostile work environment claim, and thus, should be dismissed.

The factual allegations contained in the complaint which could be construed as support for the hostile work environment claims are that plaintiff Williams was disciplined for drinking a soda on her break and that both plaintiffs were accused of stealing merchandise based upon their race. To establish a hostile work environment claim, the plaintiff must establish that: (1) she is a member of a protected class; (2) she was exposed to unwelcome harassment; (3) the harassment was based on a protected characteristic of the plaintiff; (4) the harassment affected a term, condition, or privilege of employment; and (5)

the employer knew or should have known about the harassing behavior, but failed to take proper action to alleviate it. *Arraleh v. County of Ramsey*, 461 F.3d 967 (8th Cir. 2006). "The underlying wrongful conduct must be sufficient to create a hostile environment, both as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim." *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 910 (8th Cir. 2006) (internal quotations omitted).  Although the court has serious doubts as to plaintiffs' ability to survive summary judgment on their hostile work environment claims based on these allegations, the court declines to dismiss said claims at this time.

Finally, separate defendants move to dismiss plaintiffs' 42 U.S.C. § 1981 claims against O'Connell for failure to state a claim.  Separate defendants state that although the Eighth Circuit has not resolved whether an individual may be sued under section 1981, those courts holding that individuals can be sued under section 1981 require the complaint to assert "some affirmative link to causally connect the actor with discriminatory action."  Separate defendants assert that the complaint does not assert that an affirmative link exists between O' Connell and the adverse employment actions of which plaintiffs complain and does not assert that O'Connell was the decision-maker in the employment decisions.  Separate defendants cite *Callahan v. Consolidated Edison Co. of New York, Inc*., 187 F. Supp. 2d 132, 136-38 (S.D.N.Y 2002) in support of their assertion.  The court notes that in *Callahan*, the individual defendant was the plaintiff's subordinate.

In response, plaintiffs assert that defendant O'Connell "approved, participated in and condoned the policies that created the offensive and hostile environment." Additionally, plaintiffs assert that O'Connell was aware of and personally condoned Padilla's actions, failed to take reasonable disciplinary actions against Padilla based upon the complaints of plaintiffs and others, and personally manufactured a false reason for Brown's termination.

The court declines to dismiss plaintiffs' 42 U.S.C. § 1981 claims against O'Connell at this time. Plaintiffs allege in their complaint that O'Connell was the Regional Manager for the Dollar General store. The complaint also alleges that O'Connell "questioned" one of the plaintiffs, although the context is unclear. Furthermore, Williams alleges that O'Connell is the person that informed her that she would receive the promotion and is the person that she complained to when she failed to receive the promotion.

Separate defendants state that they are not moving to dismiss plaintiffs' failure to promote and wrongful termination claims brought against Dollar General under 42 U.S.C. § 1981 at this time. Furthermore, it appears that defendant Sheila Padella, Store Manager for Dollar General, has not yet been served, although it is clear that she may not be held individually liable under Title VII. Thus, the court does not reach these issues.

Accordingly, plaintiffs' motion for extension of time (Doc. No. 10) is granted. Separate defendants' motion to dismiss (Doc. No. 6) is granted in part and denied in part. Plaintiffs' Title VII claims are dismissed.

IT IS SO ORDERED THIS 20th day of March, 2009.

6

UNITED STATES DISTRICT JUDGE