## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

**MARY WILLIAMS and**
**LESLIE BROWN**                                                                 **PLAINTIFFS**

**v.**                           **CASE NO. 4:08-CV-04157 BSM**

**DOLGENCORP, INC., d/b/a DOLLAR**
**GENERAL CORPORATION; TOM**
**O'CONNELL, individually and in his official**
**capacity as District Manager; and SHEILA**
**PADELLA, individually and in her official**
**capacity as Store Manager on behalf of**
**Dolgencorp Corporation**                                              **DEFENDANTS**

### ORDER

Before the court is defendants' motion for contempt and attorney's fees (Doc. No. 55).

Plaintiffs' response to the motion was due on July 15, 2009. Plaintiffs did not respond until

August 11, 2009. For the reasons stated herein, the motion is granted.

On May 21, 2009, defendants moved to compel each plaintiff to respond to

defendants' first request for production of documents, and for complete responses to

interrogatories 2, 10, 11, and 16. On June 11, 2009, plaintiffs filed a motion for extension

of time to respond to the motion to compel that failed to comply with the Local Rules, and

an untimely response to the motion to compel. On June 25, 2009, the court ordered plaintiffs

"to provide full and complete responses to these interrogatories on or before June 30, 2009,"

and "to provide full and complete responses to each of the requests for production of

documents on or before June 30, 2009." The court cautioned plaintiffs that "[f]ailure to

comply with this order will result in dismissal for failure to prosecute."

On July 1, 2009, defendants filed their motion for contempt and attorney's fees stating that after the close of business on June 30, 2009, defendants' counsel received a facsimile from plaintiffs' counsel providing supplemental responses to the interrogatories. Plaintiffs failed to provide a single request for production or document. Defendants state that plaintiffs' counsel did not indicate when or if responses to the document requests would be forthcoming and plaintiffs did not ask the court for additional time to comply with the order.

In response, plaintiffs assert that they did not produce any documents to counsel, and defendants should have understood that plaintiffs only intend to rely on oral testimony and documents included in plaintiffs' personnel files, which are in the possession of defendants. Plaintiffs' intention to rely solely on oral testimony, however, does not relieve plaintiffs of their obligation to provide defendants with the documents requested, if they exist. The discovery process does not operate in that manner.

Furthermore, the court specifically directed plaintiffs "to provide full and complete responses to each of the requests for production of documents on or before June 30, 2009." The court stated that it was "highly unlikely that plaintiffs do not have a single document relating to, referring to, or pertaining to the 20 interrogatories propounded by defendants," "plaintiffs' response seems to be a canned response because the request for production of documents only ask for documents relating to interrogatories 1 through 20, not 1 through 25," and "plaintiffs have not responded to requests for production of documents 21 through 51."

As noted by defendants in their reply, in order for the court to accept that plaintiffs do not have any documents responsive to the discovery, the court would have to believe that neither plaintiff possesses a resume or application submitted to an employer in the past four years, pay stubs from the past four years, documents relating to employment status, tax returns, W-2s, documents related to the emotional distress claims, or any document relating to the monies received in the last four years.  Even assuming plaintiffs do not have a single document requested, plaintiffs have still failed to respond to requests for production 21 through 51.

Defendants request the imposition of attorney's fees against plaintiffs' counsel. Defendants note that in *Shundra Harris v. Dolgencorp, Inc*., Case No. 4:06CV0007 JMM, Docket No. 30, they were forced to expend resources addressing the discovery abuses by plaintiffs' counsel.  The court notes that in that case, Judge Moody held plaintiff in contempt finding that plaintiff's refusal to respond to the court's orders was willful and in bad faith and dismissed the case without prejudice.

In response, plaintiffs state that the court should not impose attorney's fees against them because they are unemployed women residing in the Delta.  In reply, however, defendants request that plaintiffs' attorney be responsible for payment of attorney's fees, as provided for under Federal Rule of Civil Procedure 37(d)(3).  Defendants also provide the court with citations to five cases brought by plaintiffs' attorney, Alvin Simes, in this court that have been dismissed as a sanction for discovery abuses.

3

Plaintiffs' complaint is dismissed without prejudice for failure to prosecute and failure to comply with the court's order dated June 25, 2009.  Defendants' request for attorney's fees against plaintiffs' counsel, Alvin Leonard Simes, is granted.  Defendants are directed to submit a declaration setting forth the fees incurred on or before August 20, 2009.

Accordingly, motion for contempt and attorney's fees (Doc. No. 55) is granted.

IT IS SO ORDERED THIS 13th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE