**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**MARY WILLIAMS and**
**LESLIE BROWN** **PLAINTIFFS**

**v.** **CASE NO. 4:08-CV-04157 BSM**

**DOLGENCORP, INC., d/b/a DOLLAR GENERAL CORPORATION; TOM O'CONNELL, individually and in his official capacity as District Manager; and SHEILA PADELLA, individually and in her official capacity as Store Manager on behalf of Dolgencorp Corporation** **DEFENDANTS**

**ORDER**

On August 13, 2009, the court granted defendants' motion for contempt and dismissed plaintiffs' complaint without prejudice for failure to prosecute and failure to comply with the court's order dated June 25, 2009. In so doing, the court granted defendants' request for attorney's fees against plaintiffs' counsel, Alvin Leonard Simes, and directed defendants to file a declaration setting forth the fees incurred. Although defendants submitted a request for $4355.50 in fees, and Simes did not respond to the declaration, the court reduced the award to $3000.

In his motion for reconsideration, Simes asserts that defendants failed to present sufficient evidence that the failure to provide the requested discovery was his fault or due to neglect by him. He asserts that he had to rely on his clients to produce the facts, the documentation requested was already within the employment scope and control of

defendants, and he produced in good faith the documents which were delivered to his office by the clients. Simes requests a full hearing on the merits of the contempt order.

Federal Rule of Civil Procedure 37(b) authorizes sanctions for failure to comply with a court order. Federal Rule of Civil Procedure 37(b)(2)(C) provides:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

*See also* Fed. R. Civ. P. 37(d)(3).

In assessing the attorney's fees against Simes, the court took note of his prior discovery abuses. Notably, as stated in the court's order awarding attorney's fees, defendants provided the court with citations to five cases brought by Simes in this court alone that have been dismissed as a sanction for discovery abuses. The court also noted that Simes responded to defendants' motion for contempt and attorney's fees almost a month after the response was due.

As noted by defendants, Simes challenges the order to award fees, which was entered over two months ago. To the extent the motion is construed as one under Federal Rule of Civil Procedure 59(e), it is untimely. Further, Simes has failed to set forth a basis for reconsideration under Federal Rule of Civil Procedure 60.

As to the claim that the documents requested were in the control of defendants, the documents requested included a resume or application submitted to an employer in the past four years, pay stubs from the past four years, documents relating to employment status, tax

returns, W-2s, documents related to the emotional distress claims, or any document relating to the monies received in the last four years. As the complaint states that plaintiff Mary Williams only worked for defendant for approximately a year and a half, and plaintiff Leslie Brown only worked for defendant for approximately six months, the requested documents spanning a four-year period were not in the control of defendants.

Simes now asserts that his clients are at fault for the failure to comply with discovery. Although the court is sympathetic to this argument, it is untimely because it is being made only after entry of the order assessing attorney's fees against Simes. Furthermore, Simes failed to notify the court at any time prior to the entry of the order granting fees that he was having difficulty obtaining information from his clients. If he had notified the court of the problems he was having with his clients, he would have been permitted to withdraw as counsel.

Accordingly, the motion for reconsideration filed by Alvin Leonard Simes (Doc. No. 47) is denied.

IT IS SO ORDERED THIS 30th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE